# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 5:01CR30075-001 |
| v. | ) | **OPINION AND ORDER** |
| **RICHARD L. FULTON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, Richard L. Fulton, has filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Manual ("USSG") § 1B1.10. He relies on Amendment 782 to the Sentencing Guidelines, which "reduced the base offense level by two levels for most drug offenses." *Hughes v. United States*, 138 S.Ct. 1765, 1774 (2018). The United States argues that because over 25 kilograms of cocaine base were attributed to Fulton in his Presentence Investigation Report ("PSR"), he is ineligible for a reduction, and even if he were eligible, the court should exercise its discretion to deny it. For the reasons that follow, I find Fulton ineligible for a reduction, and I will deny the motion.

I.

Fulton pleaded guilty to conspiring to distribute and possess with the intent to distribute more than 50 grams of cocaine base and possessing a firearm after being convicted of a felony. In the plea agreement, Fulton agreed "for purposes of Guideline Sections 2D1.1 and 1B1.3, that [he] shall be held responsible for conspiring to distribute and distributing more than 1.5 KG of cocaine base." Plea Agreement 3, ECF No. 108-1.

Fulton's PSR determined that because "at least 1.5 kilograms" of cocaine base had been attributed to him, he had a base offense level of 38. PSR ¶ 13, ECF No. 90. The PSR's description of Fulton's offense conduct stated that "[n]umerous co-conspirators indicated that Fulton routinely traveled to New York on at least a weekly basis where he purchased between 500 and 750 grams of cocaine hydrochloride." PSR ¶ 8. He continued this conduct for well over a year, making him responsible for the distribution of "well over 25 kilos of cocaine base." PSR ¶ 8. Fulton filed objections to the PSR, disputing the factual basis upon which it determined that he was an organizer and leader of the conspiracy, and the calculation of his criminal history. However, Fulton "fully acknowledge[d] all other offense conduct." Letter Obj. to PSR 1, ECF No. 47.

On May 16, 2003, Fulton was sentenced to 360 months imprisonment, the low end of his Sentencing Guidelines range of 360 months to life imprisonment.

The Judgment entered in Fulton's case indicates that the court adopted the factual findings in the PSR. In its Statement of Reasons, the court stated that the "[d]efendant has an extensive criminal history, and was the leader of conspiracy, that was responsible for over 25 kilos of cocaine base." J. 8, ECF No. 55.

In 2012, Fulton filed a Motion for Reduction of Sentence in light of Amendment 750 to the Sentencing Guidelines, which reduced the guideline ranges for offenses involving cocaine base. However, the court declined to reduce Fulton's sentence because the more than 25 kilograms of cocaine base attributed to him in the PSR and at sentencing remained above the drug weight represented by a base offense level of 38 even after Amendment 750. The Fourth Circuit affirmed the district court's decision, stating that "[b]ecause Fulton's original criminal judgment specifically found him responsible for over twenty-five kilograms of crack cocaine, the district court correctly ruled that he is ineligible for a reduction in sentence." *United States v. Fulton*, 533 F. App'x 190, 190 (4th Cir. 2013) (unpublished).

Fulton's present Motion for Reduction of Sentence has been fully briefed and is ripe for decision.

## II.

Fulton argues that he is eligible for a reduced sentence because his base offense level should be determined by the "at least 1.5 kilograms of cocaine base"

-3-

attributed to him in the PSR's calculation of his base offense level, rather than the more than 25 kilograms attributed to him in the PSR's description of his offense conduct and at his sentencing. Mot. Reduction of Sentence 1, ECF No. 100. Fulton contends that the Fourth Circuit's decision in *United States v. Hodge*, 902 F.3d 420 (4th Cir. 2018), supports this reading of his PSR. However, the United States argues that *Hodge* is inapplicable to Fulton's motion and that he is ineligible for a reduced sentence.

A court may, after considering the factors set out in 18 U.S.C. § 3553(a) and if it is consistent with the applicable Sentencing Commission policy statements, reduce a defendant's term of imprisonment if he or she was sentenced based on a guideline range that was later lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The relevant policy statement provides, among other things, that a sentence reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). After Amendment 782, defendants held accountable for 25.2 kilograms or more of cocaine base have a base offense level of 38, while defendants held accountable for 1.5 kilograms have a base offense level of 32. USSG § 2D1.1(c) (2014).

Fulton is ineligible for a sentence reduction pursuant to Amendment 782 because the amendment does not have the effect of lowering his applicable guideline range. Fulton was found to be responsible for well over 25 kilograms of

cocaine base, and thus he continues to have a base offense level of 38, and his guideline range is unchanged. The Fourth Circuit's statement regarding Fulton's motion pursuant to Amendment 750 is equally applicable to the present motion. "Because Fulton's original criminal judgment specifically found him responsible for over twenty-five kilograms of crack cocaine . . . he is ineligible for a reduction in sentence." *Fulton*, 533 F. App'x at 190.

Relying on the more than 25 kilograms attributed to Fulton in the offense conduct section of his PSR and at his sentencing is not in conflict with the Fourth Circuit's holding in *United States v. Hodge*. In *Hodge*, the court held that the government could not, on collateral review, rely upon a prior conviction listed in the defendant's PSR but not identified as an Armed Career Criminal Act ("ACCA") predicate conviction to defend an ACCA sentence enhancement. 902 F.3d at 427. Doing so would deprive the defendant of adequate notice of the government's plan to seek an ACCA enhancement and of the convictions supporting that enhancement. *Id.* In particular, "when the Government or the sentencing court chooses to specify which of the convictions listed in the PSR it is using to support an ACCA enhancement, it thereby narrows the defendant's notice of potential ACCA predicates from all convictions listed in the PSR to those convictions specifically identified as such." *Id.* at 428.

The same lack of adequate notice is not present in Fulton's case. Fulton's PSR did not expressly identify a particular drug weight, to the exclusion of others, and thereby narrows his notice of the weight for which he could be held responsible. To the contrary, the PSR's indication that his base offense level was calculated based on "*at least* 1.5 kilograms of cocaine base" is inclusive of higher drug weights and put Fulton on notice that he may be held responsible for more than 1.5 kilograms. PSR ¶ 13 (emphasis added). The reference to his distribution of "well over 25 kilos of cocaine base" in the description of his offense conduct further put him on notice of the higher weight for which he could be held responsible. PSR ¶ 8. Moreover, the government's failure to object to the "at least 1.5 kilograms" language does not preclude it from arguing that Fulton is responsible for a higher drug weight, for the same reasons. Instead, Fulton's objection to the PSR's facts regarding his leadership role in the conspiracy, but full acknowledgement of all other offense conduct, suggests that he cannot now challenge the court's reliance on the undisputed conduct.

*United States v. Boyd*, Criminal No. 4:06cr5, 2015 WL 13050043 (E.D. Va. Dec. 18, 2015), *aff'd*, 639 F. App'x 959 (4th Cir. 2016) (unpublished), is more instructive in this case. In *Boyd*, the court held that the defendant was ineligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) because Amendment 782 did not lower the defendant's guideline range. *Id.* at *1. Although the sentencing

judge had made an ambiguous drug weight finding when addressing the defendant's objections to his base offense level, the judge had made a specific drug weight finding in determining the defendant's amount of forfeiture. In considering the defendant's later motion for a reduced sentence, the court was not constrained by the sentencing judge's ambiguous drug weight finding and could rely on the judge's specific finding in the forfeiture context. Likewise, I will rely on the sentencing judge's specific finding that Fulton was responsible for over 25 kilograms of cocaine base.

III.

Accordingly, it is hereby **ORDERED** that the Motion to Reduce Sentence, ECF No. 100, is DENIED.

ENTER: May 1, 2019

/s/ *James P. Jones*
United States District Judge