CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
10/7/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:01CR30075-01 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **RICHARD LEROY FULTON,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The defendant, Richard Leroy Fulton, a federal inmate sentenced by this court, has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief, but decline to reduce his sentence.

I.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). After the enactment of the 2010 FSA, a violation of 21 U.S.C. § 841(a)(1) must involve at least 280

grams of cocaine base, rather than 50 grams, to trigger the 10-years-to-life penalty range of 21 U.S.C. § 841(b)(1)(A) and 28 grams of cocaine base, rather than five grams, to trigger the 5-to-40 years penalty range of 21 U.S.C. § 841(b)(1)(B). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons ("BOP"), the attorney for the Government, or the court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed. 2018 FSA § 404(b).

While a defendant whose crack cocaine drug crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c). Thus, the court must first consider whether the defendant is eligible for a reduction in sentence. Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted. *Cf. Dillon v. United States*, 560 U.S. 817, 827 (2010) (setting forth procedures for modifying sentences under retroactive guideline amendments). If eligible, a plenary resentencing is not appropriate, since the statute only authorizes the court to impose a "reduced sentence." 2018 FSA § 404(b).

## II.

The defendant was indicted with a coconspirator on November 13, 2001, and charged with three counts: (1) conspiring to distribute 50 grams or more of cocaine

base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; (2) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On October 25, 2002, the defendant pled guilty to Counts One and Three, pursuant to a written Plea Agreement. Fulton agreed that he "shall be held responsible for conspiring to distribute and distributing more than 1.5KG of cocaine base." Reply Supp. Mot. Reduce Sentence Ex. 1, Plea Agreement § 3, ECF 108-1. In turn, the government agreed to recommend a sentence at the low end of the guideline range. According to the Presentence Investigation Report ("PSR"), the defendant was found accountable for "well over 25 kilos of cocaine base." PSR ¶ 8, ECF No. 117. However, the drug amount that triggered the highest level on the drug table was 1.5 kilograms, as stipulated to in the Plea Agreement. Accordingly, he was determined to have a total offense level of 41, after enhancements of two levels for possession of a firearm and four levels for the defendant's role in the offense but with a three-level reduction for acceptance of responsibility. The defendant had a criminal history category of V, yielding a guideline range of 360 months to life.

On May 16, 2003, the defendant was sentenced under the then-mandatory guidelines to 360 months imprisonment on Count One, along with a concurrent

sentence of 120 months on Court Three, to be followed by five years of supervised release.

The defendant's later motions under 18 U.S.C. § 3582(c)(2), based on amendments 706, 750, and 782 to the Sentencing Guidelines, were each denied because his guideline range was not affected by the reductions in the drug offense table. ECF Nos. 74, 81, and 109. The Fourth Circuit affirmed the court's decision as to amendment 750, finding that the judgment "specifically found him responsible for over twenty-five kilograms of crack cocaine." *United States v. Fulton*, 533 F. App'x 190, 190 (4th Cir. 2013) (unpublished). The BOP calculates his current projected release date to be April 13, 2029. The Probation Office of this court estimates that he has served approximately 214 months.

### III.

The United States argues that the defendant is ineligible for a reduction in sentence in light of the drug weight attributed to him at sentencing. The United States contends that because the offense involved at least 1.5 kilograms and the PSR established over 25 kilograms of cocaine base, it involved a drug quantity over the revised threshold of 280 grams established in the 2010 FSA. The government therefore argues that the defendant was properly sentenced to 360 months for Count One, which is within the post-2010 FSA statutory range under § 841(b)(1)(A).

The United States maintains that the court may rely on the drug weight found in the PSR despite the principles announced in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Appendi v. New Jersey*, 530 U.S. 466 (2000), because it has been held that these principles are not applicable retroactively on collateral review. Alternatively, the United States reasons that even if the defendant is eligible for a reduction, the court should not exercise its discretion to do so. The defendant contends that he is eligible for reduction based upon the drug weight of conviction, and that the court should exercise its discretion to reduce his sentence.

Pursuant to § 404, a defendant is eligible for reduction if he was convicted of a "covered offense" before the effective date of the 2010 FSA and is not otherwise excluded by the limitations of § 404(c).[1] The defendant was convicted of a covered offense since he was convicted pre-2010 FSA of "a violation of a Federal criminal statute, the statutory penalties for which were modified by [the 2010 FSA]." 2018 FSA § 404(a). None of the exclusions of § 404(c) apply to him. Under the 2018 FSA, the quantity of drugs involved in the conviction are not a

---

[1] Section 404(c) provides as follows:

LIMITATIONS — No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

condition of eligibility, whether such quantity was charged in the indictment, found by a jury, admitted by the defendant, or determined in a presentence investigation report. *See United States v. Boulding,* No. 1:08-cr-65-01, 2019 WL 2135494, at *6 (W.D. Mich. May 16, 2019).

However, there is another condition relating to any sentence reduction under the 2018 FSA. The reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 2018 FSA § 404(b) (emphasis added). As the parties have recognized, determining the sentence that the defendant would have received if sections 2 and 3 of the 2010 FSA were in effect turns on whether I rely on the drug weight attributed to him in the PSR.

The government is correct that neither *Apprendi* nor *Alleyne* are retroactive on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172, at n* (4th Cir. 2013) (unpublished) (noting that *Alleyne* has not been made retroactive on collateral review); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001) (finding that *Apprendi* is not retroactive on collateral review under the rule set out in *Teague v. Lane*, 489 U.S. 288 (1989)). However, that does not end the analysis. Although a sentence reduction is a form of collateral review, *see Wall v. Kholi*, 562 U.S. 545, 551 (2011), it is not the case that nonretroactivity principles necessarily apply in sentence reductions. Instead, in *Danforth v. Minnesota*, the Supreme

Court stated that the rule established in *Teague*, by which courts determine whether new constitutional rules of criminal procedure will apply to cases that have become final before the new rule was announced, "was meant to apply only to federal courts considering habeas corpus petitions challenging state-court criminal convictions." 552 U.S. 264, 279 (2008). Thus, a determination under *Teague* that a rule is not retroactive on collateral review "speaks only to the context of federal habeas." *Id.* at 281.

Determining whether new constitutional rules apply in the context of sentence reductions when the initial sentence became final before the new rule was announced is an inquiry distinct from that set out in *Teague*. *United States v. Fanfan*, 558 F.3d 105, 108 (1st Cir. 2009). In *Fanfan*, the First Circuit considered 18 U.S.C. § 3582(c)(2), which permits reduction of a sentence of imprisonment where the Sentencing Commission has lowered an advisory sentencing range, provided the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The court held that determining whether new rules apply to sentence reductions under § 3582(c)(2) "is analytically distinct from the question of retroactivity" set out in *Teague. Id*. The Supreme Court's reasoning in *Dillon* supports this approach. In *Dillon*, the Court held that the new rule established in *United States v. Booker*, 543 U.S. 220 (2005) — that treating the Sentencing Guidelines as mandatory violated a defendant's Sixth Amendment

right to be tried by a jury and have every element of an offense proved by the government beyond a reasonable doubt — does not apply in sentence reductions under § 3582(c)(2). *Dillon*, 560 U.S. at 828–830. In so holding, the Court did not apply *Teague's* retroactivity rule; rather, it considered the text and scope of § 3582(c)(2). *Id.* at 826.

Although sentence reductions pursuant to the 2018 FSA are based on 18 U.S.C. § 3582(c)(1)(B), providing that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," the Court's analysis in *Dillon* of whether *Booker* applies to sentence reductions under Section 3528(c)(2) is nonetheless instructive in this case.

In *Dillon*, the Court held that "proceedings under § 3582(c)(2) do not implicate the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." 560 U.S. at 828. The Court reasoned that this right is not implicated because § 3582(c)(2) confines the extent of the sentence reductions it authorizes — it requires the court to take the defendant's original sentence as a given and reduce it by substituting only the Sentencing Guidelines amendment that gave rise to the reduction proceeding. *Id.* at 827–28. The Court found that "[t]aking the original sentence as given, any facts found by a judge at a § 3582(c)(2) proceeding do not serve to increase the prescribed range of punishment; instead, they affect only the judge's exercise of discretion within that

range," which is permissible under *Apprendi*. *Id.* at 828–29; *see also Fanfan*, 558 F.3d at 110 ("Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by the facts established by a plea of guilty or a jury verdict.") (internal quotation marks and citations omitted).

The same is not true for sentence reductions pursuant to the 2018 FSA. Section 3582(c)(1)(B) does not establish procedures like those in § 3582(c)(2) that narrow the scope of the sentence reduction. Instead, because statutory minimum and maximum sentences under the 2010 FSA are keyed to drug weight, it is that fact that confines the extent of any sentence reduction in the first instance. Thus, relying on the drug weight attributed to defendants in their PSRs, rather than that charged within the appropriate statutory categories of § 841(b), affects more than the judge's discretion within a prescribed statutory range — it determines the prescribed range, and it may raise a defendant's sentence beyond the level otherwise justified by a guilty plea or jury verdict on the drug weight charged in the indictment. Therefore, it triggers the collective requirement of *Apprendi* and *Alleyne* that facts that increase the penalty for a crime beyond the prescribed statutory maximums and minimums be charged in the indictment. *See*, *e.g.*, *United States v. Stallworth*, No. 1:08CR00024-036, 2019 WL 2912845, at *4 (W.D. Va.

July 8, 2019); *United States v. Latten*, No. 1:02CR0011-012, 2019 WL 2550327 at * 2 (W.D. Va. June 20, 2019).

In the instant case, the grand jury found probable cause that the defendant was part of a conspiracy to distribute at least 50 grams of cocaine base, but it did not attribute a specific drug amount above 50 grams in the Indictment. Therefore, and despite the 1.5 kilograms drug amount stipulated to by the defendant in the Plea Agreement, or the 25 kilograms attributed to him in the PSR, the correct drug amount for the determination of the defendant's eligibility for a sentencing reduction under the 2018 FSA is the amount charged in the Indictment.

Consequently, I find the defendant eligible under the 2018 FSA. The new statutory sentencing range as to Count One of the Indictment is 5 to 40 years imprisonment and four years of supervised release. 21 U.S.C. § 841(b)(1)(B).

IV.

The defendant seeks a reduced sentence of 235 months on Count One. The defendant based this number on the low end of a guideline range based on the stipulated drug amount of 1.5 kilograms in the Plea Agreement, as well as on the assertion that his criminal history score should be a Category IV rather than V due to recent changes in how criminal history is calculated. Mot. to Reduce Sentence 8, ECF No. 115. The defendant also argues that he was sentenced under mandatory guidelines, unlike today; that his sentence surpassed that of his

coconspirators; and that he has matured while in prison and is remorseful for his past conduct. Reply in Supp. 1–2, 3–4, ECF No. 123.

The United States opposes any reduction and asserts that the "excessively high drug weight" attributed to the defendant in the PSR would make such a reduction "an unjustified windfall . . . based solely upon the date of his prosecution," and would offend "the need to avoid unwarranted sentencing disparities among similarly situated offenders" under the 18 U.S.C. § 3553(a) factors. United States' Resp. 10, ECF No. 121. Moreover, the United States avers that even if the PSR drug amount is not determinative against eligibility, it should still be the basis for the court to decline a reduction to the defendant's sentence. Finally, the United States asserts that a reduction is particularly not warranted in this case due to the defendant's long disciplinary history while with the BOP with a pattern of violent and uncooperative behavior, which has continued into this year. *Id.* at 12.

I agree with the government that I should consider the defendant's offense conduct, and any post-conviction rehabilitation, or lack thereof, in determining whether to reduce a sentence in accordance with the § 3553(a) factors and the extent of any such reduction. *See Pepper v. United States*, 562 U.S. 476, 480 (2011) (noting that it is "highly relevant — if not essential — to the selection of an appropriate sentence [to possess] the full information possible concerning the

defendant's life and characteristics.") (alterations and internal citation omitted). I have carefully reviewed the defendant's PSR, his education and disciplinary data while in federal prison, the briefs filed by counsel, and the defendant's letter to the court.

The defendant is 43 years old. He has a long criminal history dating to age 15, including drug possession, drug distribution on school grounds, multiple assaults, disorderly conduct, and possession of stolen property. The defendant left school while in the ninth grade, but later received his GED and obtained his Associates Degree in Business Administration while incarcerated in New York. He states that he is now a writer, has authored several novels while in prison, and hopes to be published.

The defendant does not appear to have a history of substance abuse or mental health issues. He has been incarcerated, both as a minor and as an adult, for most of his life. The defendant has had numerous serious prison infractions, including multiple assaults, multiple threats of bodily harm, multiple possessions of a dangerous weapon, and other disruptive conduct. The most recent sanctioned incident occurred in May 2019, and involved a fight. The defendant points out that he has been incarcerated in very violent prisons and that his latest fight came only after he was attacked by another inmate.

He has very limited employment history, but claims a common law marriage and an adult daughter.

In addition to his prior criminal record and disciplinary record with BOP, the facts supporting the underlying convictions detailed in the PSR are serious in nature. The defendant was the organizer of a cocaine trafficking network operating in the Winchester, Virginia area. PSR ¶ 4, ECF No. 117. At least seven others worked for the defendant in his drug business. *Id.* at ¶5. The defendant recruited and directed his coconspirators to deal the drugs for him, and carried a firearm in relation to the drug crimes. *Id.* The defendant would travel to New York on a weekly basis to pick up approximately 500 to 750 grams of cocaine, return to the district to cook the powder cocaine into crack or cocaine base, and then distribute it among his many co-conspirators to be re-sold or distributed to lower-level dealers. *Id.* at ¶¶ 4, 5, 8. Oftentimes, the defendant would threaten his coconspirators with a firearm to ensure compliance with his directions. *Id.* at ¶ 5. One of his coconspirators, also charged in the Indictment, was a romantic partner that eventually sought a protective order against the defendant. *Id.* at ¶ 7.

Over the course of the conspiracy, the PSR estimated that the defendant's trafficking resulted in the distribution of well over 25 kilograms of cocaine. *Id.* at ¶ 8. During an encounter with the police prior to the underlying case, $20,000 was found on the defendant's person during a traffic stop; it was later determined that

the cash was going to New York to purchase more cocaine in from the defendant's supplier. *Id.* ¶ 6. Although law enforcement suspected that the defendant's proceeds from the cocaine trafficking network were also being funneled into a clothing store at a mall in Winchester, Virginia, to launder the funds, no money laundering charges were brought. *Id.* at ¶ 46.

Even accepting the defendant's arguments as to his revised guideline range and the alleged severity of his original sentence, but considering the nature and circumstances of his crime and his conduct in prison, as well as other § 3553(a) factors, including the need for deterrence and to protect the public, I find that the defendant's sentence should not be reduced. I will reduce his term of supervised release to four years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF Nos. 115 is GRANTED in part and DENIED in part;

2. The defendant's sentence of imprisonment as to Count One is not reduced;

3. Upon release from imprisonment, the defendant must serve a term of supervised release of four years on Count One and three years on Count Three, all terms to run concurrently; and

4. The Probation Office shall provide a copy of this Opinion and Order to the Bureau of Prisons.

        ENTER: October 7, 2019

        /s/ *James P. Jones*
        United States District Judge